UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL A.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

21-CV-00085-LJV
DECISION & ORDER

---

On January 19, 2021, the plaintiff, Michael A. ("Michael"), brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] Docket Item 1. On December 16, 2021, Michael moved for judgment on the pleadings, Docket Item 8; on May 6, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 10; and on June 17, 2022, Michael replied, Docket Item

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Michael applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). An individual may receive both disability insurance benefits ("DIB") and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

12. For the reasons that follow, this Court grants Michael's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

**DISCUSSION**

Michael argues that the ALJ's residual functional capacity ("RFC")[4] determination was unsupported by substantial evidence. Docket Item 8-1 at 11. This Court agrees that the ALJ erred and, because that error was to Michael's prejudice, remands the matter to the Commissioner.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). That does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. But the ALJ is not a medical professional and therefore is "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018); *see Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). For that reason, "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (citations omitted).

Here, the ALJ found that "the objective diagnostic imaging, treatment history[,] and lab reports do not support [Michael's] allegations." Docket Item 6 at 25. The ALJ then meticulously recited results from such imaging and reports, including an MRI that

---

[4] A claimant's RFC "is the most [he] can do despite [his] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

"showed small paracentral subligamentous L5-S1 disc herniation," *id.;* another MRI that "showed mild disc desiccation and degeneration at C5-6," *id.* at 26-27; an x-ray that "showed lumbar spondylosis most notably at L5-S1 and posterior facet arthrosis from L3/4 through L5/S1," *id.* at 28; and other such technical findings, *see generally id.* at 25-30.  Then, after reciting those technical findings verbatim and without any explanation whatsoever, the ALJ concluded that "[s]uch findings relative to the claimant's physical impairments support a limitation to the range of light work found above" and that "greater limitations are not warranted by the generally normal review of his musculoskeletal systems, generally normal motor findings[,] and the routine and conservative treatment received."  *Id.* at 30.[5]

In other words, the ALJ's decision was largely a recitation of the medical findings, repeating the medical lingo without translation or explanation, followed by a conclusion that those technical medical findings supported the RFC limitations that the ALJ found. And while the record contained three opinions from consultative examiners, the ALJ found all three unpersuasive because they were written before Michael's alleged

---

[5] The ALJ found that Michael had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> [Michael] can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  He can stand or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday.  He can never climb ladders, ropes[,] or scaffolds.  He can occasionally climb ramps or stairs and can occasionally balance, stoop, crouch, kneel[,] or crawl.  He should avoid concentrated exposure to hazards, such as moving machinery and unprotected heights.  He is limited to simple, routine[,] and repetitive tasks.

Docket Item 6 at 24.

4

disability onset date.  *See* Docket Item 6 at 31.  So the ALJ based the RFC not on the opinion of any provider but on raw, technical medical data, and the ALJ did that without explaining how the raw medical data supported the RFC.  That is precisely the sort of conclusory analysis that this Court and others have repeatedly rejected.  *See Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 416 (W.D.N.Y. 2019); *see also Richardson v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 107, 117 (W.D.N.Y. 2018) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source.") (internal quotation marks and citation omitted); *Dennis*, 195 F. Supp. 3d at 479 ("[W]ithout opinions from the medical professional concerning the impact of these results on [p]laintiff's RFC, the ALJ simply concluded that [p]laintiff was capable of performing light work.  This was error.").

      The ALJ is not a physician, and neither is this Court.  So it was error for the ALJ to craft an RFC without "some useful assessment of [Michael's] limitations from a medical source," *Williams*, 366 F. Supp. 3d at 417 (internal quotation marks and citation omitted), and it is impossible for this Court to meaningfully review the ALJ's conclusions based only on raw medical data without explanation, *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 9 (W.D.N.Y. 2022).  *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)) (holding that an ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that ' . . . a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful

judicial review.'") (third alteration in original); *see also Laura C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 64, 71 (W.D.N.Y. 2021) (finding that meaningful judicial review was precluded when the Court was "left to speculate" about the ALJ's reasoning).

To be sure, remand is not always necessary when an ALJ makes an RFC determination in the absence of a medical opinion. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013). For example, an ALJ may reject the opinion of an acceptable medical source but still use that source's treatment notes to craft an RFC supported by substantial evidence. *See Monroe v. Colvin*, 676 F. App'x 5, 6-7 (2d Cir. 2017). An ALJ also may make an RFC determination that does not perfectly match with any one medical opinion in the record. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

But when the medical records "do not shed any light on [the claimant's] residual functional capacity" and "offer no insight into how [his] impairments affect or do not affect [his] ability to work," the ALJ is obligated to seek an opinion assessing those limitations. *Guillen v. Berryhill*, 697 F. App'x 107, 108-09 (2d Cir. 2013) (summary order); *see Williams*, 366 F. Supp. 3d at 417 ("The Court agrees with [p]laintiff that the ALJ in this case erred in assessing [p]laintiff's RFC in the absence of any medical opinion."); *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) ("Defendant argues that the ALJ's RFC finding does not need to track any single medical opinion. While this may be true, here there is no medical opinion at all supporting the ALJ's finding; this is not a matter of an ALJ's RFC finding simply diverting somewhat from the supporting medical opinion."); *Monica J. v. Comm'r of Soc. Sec.*, 2022 WL 447160, at *5 (W.D.N.Y. Feb. 14, 2022) ("Without a medical opinion on the record, without a useful

assessment of Plaintiff's functional limitations, and with evidence suggesting greater limitations on her work-related abilities, the RFC is not supported by substantial evidence.").

Stated another way, without a medical opinion supporting a claimant's functional capacity, the ALJ cannot base the claimant's RFC only on raw medical data unless that data allows a layperson to do so and the ALJ explains the commonsense link between the data and the RFC.  *See Gross v. Astrue*, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (quoting *House v. Astrue*, 2013 WL 442058, at *4 (N.D.N.Y. Feb. 1, 2013)) ("[U]nder certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, 'an ALJ permissibly can render a common[]sense judgment about functional capacity even without a physician's assessment' . . . ."); *accord Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016).  Reciting technical medical results and jargon followed by the conclusion that those findings and words support a functional evaluation simply does not pass muster.

In sum, without the benefit of a "medical opinion relating the medical information to a specific RFC," the ALJ evaluated raw medical data to craft Michael's physical RFC from whole cloth.  *Dennis*, 195 F. Supp. 3d at 474.  Remand is therefore required so that the ALJ can further develop the record by requesting a medical source statement evaluating the impact Michael's physical impairments have on his ability to engage in substantial gainful activity, *Falcon v. Apfel*, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000), or otherwise to offer a commonsense lay explanation of why the medical data supports the RFC.

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 10, is DENIED, and Michael's motion for judgment on the pleadings, Docket Item 8, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:     January 13, 2023
           Buffalo, New York

                                           */s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE